# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:06CV418-C

| | |
|---|---|
| TANYA ORRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| MOTORCARPARTS OF ) | |
| AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the "Plaintiff's Motion to Transfer Venue" (document #7) and "Memorandum in Support ..." (document #8), both filed February 21, 2007; and the Defendant's "Response ..." (document #9) filed March 12, 2007.

On March 21, 2007, the Plaintiff filed her "Reply ..." (document #10).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court will <u>deny</u> the Plaintiff's Motion to Transfer Venue, as discussed below.

## I. FACTUAL AND PROCEDURAL HISTORY

On April 17, 2006, the Plaintiff, Tanya Orrell, a resident of Charlotte, North Carolina, filed her Complaint in the Superior Court of Mecklenburg County, seeking to recover damages and equitable relief from her former employer, Defendant Motorcarparts of America, Inc. ("MPA"), a New York corporation headquartered in California. The Plaintiff seeks damages for sex and gender

discrimination, alleging a hostile work environment, wrongful discharge, and retaliation in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII") and the public policy of North Carolina as codified in N.C. Gen. Stat. § 143-422.1, as well as for North Carolina common law claims.

The events about which the Plaintiff complains allegedly began in early 2002 and continued through her termination on April 29, 2005, while she was working at the Defendant's Charlotte office. The Plaintiff alleges that while she was working in Charlotte, she was sexually harassed by several male co-workers and/or supervisors, including William Laughlin, who was Plaintiff's direct supervisor from November 2003 until her termination, and who continues to work and reside in Charlotte.

On October 6, 2006, the Defendant removed the state court case to the United States District Court for the Western District of North Carolina, citing federal question subject matter jurisdiction. Removal has not been challenged and appears proper.

On January 8, 2007, after obtaining leave of the Court to do so and with the Defendant's consent, the Plaintiff filed an Amended Complaint which "clarifies the situs of much of the alleged unlawful conduct as occurring outside of North Carolina," that is, events that allegedly took place prior to the Plaintiff's 2002 transfer to MPA's Charlotte office and/or while she was traveling on business trips outside of North Carolina. See "Plaintiff's Unopposed Motion for Leave to Amend ..." at 1 (document #3).

On February 21, 2007, the Plaintiff filed her Motion to Transfer Venue to the Central District of California, where MPA's headquarters is located, contending that forum would be more convenient because most of the Defendant's senior decision-makers who responded to her internal

complaints of discrimination and later made the decision to terminate her, as well as the Defendant's business records, are located there. The Plaintiff also contends that other nonparty witnesses are located in Michigan, Texas, Arizona, Tennessee and Pennsylvania.

In its Response, the Defendant points out, among other things, that there has been no change in any of the factors that the Plaintiff now cites since April 17, 2006, the date she filed her lawsuit in Mecklenburg County Superior Court.

The Plaintiff's Motion has been fully briefed as set forth above and is therefore ripe for disposition.

## II. DISCUSSION

At the outset, the undersigned notes that there is no dispute that the Plaintiff initially filed her Complaint in an appropriate forum, that is, a forum where many, if not most, of the events at issue allegedly took place, and where, then and now, she has maintained her residence. Nevertheless, the Plaintiff now seeks to transfer venue to the United States District Court for the Central District of California for the "convenience of the parties" under 28 U.S.C. §1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Supreme Court has noted that this provision is:

> intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. A motion to transfer under §1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors.

Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quotations and citations omitted).

The factors commonly considered in deciding a transfer of venue motion include:

3

1. The plaintiff's <u>initial</u> choice of forum;
2. The residence of the parties;
3. The relative ease of access of proof;
4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses;
5. The possibility of a view;
6. The enforceability of a judgment, if obtained;
7. The relative advantages and obstacles to a fair trial;
8. Other practical problems that make a trial easy, expeditious, and inexpensive;
9. The administrative difficulties of court congestion;
10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and
11. The avoidance of unnecessary problems with conflict of laws.

<u>See, e.g.</u>, <u>AC Controls Co. V. Pomeroy Computer Resources, Inc.</u>, 284 F.Supp. 2d 357, 362-63 (W.D.N.C. 2003) (considering factors and transferring venue); <u>Nutrition & Fitness, Inc. v. Blue Stuff, Inc.</u>, 264 F.Supp.2d 357, 362 (W.D.N.C. 2003) ("generally, a plaintiff's choice of forum should be accorded great weight, and should not be lightly disturbed"); <u>Rice v. BellSouth Advertising & Pub. Corp.</u>, 240 F.Supp.2d 526, 529 (W.D.N.C.2002) ("[a] court should analyze each of these factors both quantitatively and qualitatively"); <u>D.P. Riggins & Associates, Inc. v. American Board Companies, Inc.</u>, 796 F.Supp. 205, 211-12 (W.D.N.C. 1992); <u>Uniprop Mfrd. Housing Communities Income Fund v. Home Owners Funding Corp. of America</u>, 753 F.Supp. 1315, 1322 (W.D.N.C. 1990); <u>and</u> <u>McDevitt & Street Co. v. Fidelity & Deposit Co. of Md.</u>, 737 F.Supp. 351, 354 (W.D.N.C.1990).

In this district, it is well settled that when the plaintiff initially has chosen the forum where she resides, transfer to another venue should be allowed only "where the interests of justice weigh heavily in favor of transfer to another district." <u>Nutrition & Fitness, Inc.</u>, 264 F.Supp.2d at 362. Where transferring venue would do little more than shift the balance of inconvenience from one

party to another, the plaintiff's initial choice of forum is determinative. Accord Strong Pharmaceutical Laboratories, LLC v. Trademark Cosmetics, Inc., ___ F. Supp. 2d ___, ___ (D. Md. July 17, 2006) (motion to change venue denied where transfer "would accomplish nothing more than shifting the greater burden and inconvenience of trial from the defendant to plaintiff which is not a proper purpose of a transfer of venue"); and Quilling v. Cristell, ___ F. Supp. 2d ___, ___ (W.D.N.C. July 7, 2006) (motion to change venue denied where "transfer would merely shift the inconvenience from the defendant to the plaintiff"), citing Uniprop Mfrd. Housing Communities Income Fund, 753 F.Supp. at 1322.

The Plaintiff has not cited and the undersigned is unaware of, any Fourth Circuit authority considering whether a plaintiff's second choice of forum is entitled to any, much less great, weight. To the contrary, in denying a plaintiff's motion to transfer venue from her first choice to her second choice of fora, the District Court for the Northern District of Illinois held that the plaintiff's motion could not be granted absent a "change in circumstances" since the time the complaint was filed. FPC v. Uniplast, Inc., 994 F. Supp. 945, 946 (N.D. Ill. 1998) ("[I]t is one thing to give great weight to plaintiff's initial choice of forum, but it seems odd that a plaintiff ... should have great weight given to [his] second choice").[1]

There being no authority in support of a change of venue, the Court concludes that this case should remain in the Western District of North Carolina, the Plaintiff's initial choice of forum and

---

[1]Although recognizing that unpublished decisions from other districts have no precedential value, the undersigned notes that the District Courts for the Western District of New York and the District of Kansas have also applied the change in circumstances test to facts similar to those alleged here. See, e.g., Yoonessi v. The New York State Board for Professional Medical Conduct, 2005 U.S. Dist. LEXIS 40035 at *21 (W.D.N.Y. 2005); and Leiker v. Jarvis Products Corp., 1990 U.S. Dist. LEXIS 10189 at *2 (D. Kan. 1990) (noting that if a plaintiff's second choice of forum were accorded favored status, "a motion to transfer venue could become an unchecked tool for the plaintiff to shop among forums and between judges").

5

the federal district in which she resides. Although the Plaintiff now seeks to revisit her initial decision to bring her employment discrimination action in North Carolina, she has simply not offered any legally-sufficient basis, contending only that the Central District of California is more convenient, a proposition that the Defendant denies, and that even if true was insufficient to influence the Plaintiff's choice of forum in the first instance. Indeed, although California would be a more convenient forum for witnesses located in Arizona, it would appear that witnesses located in Michigan, Pennsylvania, Tennessee, and possibly Texas would find North Carolina more "convenient."

Nor has the Plaintiff demonstrated that any of the other factors heavily favor the Central District of California. There is no evidence in the record, for example, concerning any difficulties with the enforceability of a judgment in this forum or the availability of compulsory process for third-party witnesses, and there has been no asserted need for viewing any immovable items located in California. Finally, although either court is fully capable of applying Title VII, this Court is certainly more familiar with the North Carolina law governing the Plaintiff's <u>state</u> law claims.

In short, where transferring venue would, at most, shift the balance of inconvenience between the parties, and there has been no change in circumstances that would otherwise support transferring venue, the Plaintiff's initial choice of forum controls. Accordingly, the Plaintiff's Motion to Transfer Venue must be <u>denied</u>.

### III. <u>ORDER</u>

**NOW, THEREFORE, IT IS ORDERED:**

1. The Plaintiff's "Motion to Transfer Venue" (document #7) is **DENIED**.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr</u>.

**SO ORDERED**.

Signed: March 22, 2007

Carl Horn, III
United States Magistrate Judge